# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KALEB MCINTOSH,**<br>Plaintiff,<br>vs.<br>**CAMERON JIBRIL THOMAZ,**<br>Defendant. | CASE NO. 19-cv-00800-YGR<br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DISMISSAL OF ACTION PURSUANT TO 28 U.S.C. §1915(e)(2)(B)**<br>Re: Dkt. No. 8 |

The Court has reviewed the Report and Recommendation of Magistrate Judge Joseph C. Spero (Dkt. No. 8, "Report") recommending dismissal of the complaint herein without leave to amend as frivolous, failing to state a claim, and lacking in federal subject matter jurisdiction. Plaintiff Kaleb McIntosh filed a timely objection to the Report on May 28, 2019. (Dkt. No. 11.) The Court has reviewed the Report and objection carefully and issues the following decision:

The Court finds the Report correct, well-reasoned, and thorough, and adopts it in every respect. Magistrate Judge Spero granted McIntosh's application to proceed in forma pauperis and subsequently reviewed the sufficiency of McIntosh's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

The Court agrees with Magistrate Judge Spero's analysis that the allegations here—asserting McIntosh is the victim of a conspiracy of entertainers, politicians, and other public figures to control his mind for sexual purposes through technological devices—are facially implausible and subject to dismissal as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court further agrees that the complaint is subject to dismissal for the additional reason

that it makes no allegations giving rise to a private right to bring a civil action in federal court and the Court lacks subject matter jurisdiction over the claims that could conceivably be stated. Finally, the Court agrees that the allegations are so frivolous that the deficiencies here could not be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

McIntosh's objection, which essentially reiterates implausible allegations similar to those in his complaint (a conspiracy involving celebrities, politicians, and a covert torture program) is **OVERRULED**.

Accordingly, and for the reasons set forth in the Report and herein, this action is **DISMISSED WITHOUT PREJUDICE.**

This Order terminates the case.

**IT IS SO ORDERED.**

Dated: August 13, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**